Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Timothy J. Ohms
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2023

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>NATHAN H. DOUGLAS, JR.,<br><br>                Defendant. | Case No: 2:21-CR-21-TOR<br><br>Pretrial Diversion Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Timothy J. Ohms, Assistant United States Attorney for the Eastern District of Washington, as well as Defendant, NATHAN H. DOUGLAS, JR., and Defendant's counsel, Colin G. Prince, agree to the following Pretrial Diversion Agreement (the "Agreement"):

### I. Overview

1.  On March 2, 2021, Defendant, NATHAN H. DOUGLAS, JR., was charged in a one-count Indictment with Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5841, 5845(a)(1), 5861(d), 5871. ECF No. 1. On November 16, 2021, Defendant was charged by Superseding Indictment with an additional count of Possession of a Destructive Device, in violation of 26 U.S.C. §§ 5841, 5845(a)(8),(f), 5861(d), 5871. ECF No. 21. Defendant appeared for arraignment on

PRETRIAL DIVERSION AGREEMENT - 1

October 14, 2021. ECF No. 7. Pursuant to an order entered on January 17, 2023, trial is currently set for April 10, 2023. ECF No. 81.

  2.  Defendant NATHAN H. DOUGLAS, JR., stipulates and agrees that he did in fact violate 26 U.S.C. §§ 5841, 5845(a)(8), (f), 5861(d), 5871, as charged in Count 2, of the Superseding Indictment, and that the United States could prove his guilt beyond a reasonable doubt. Defendant wishes to accept responsibility for this conduct. Accordingly, Defendant stipulates and agrees to the following facts, referred to herein as the "Covered Conduct":

    a.  On February 4, 2021, the ATF participated in the service of a state search warrant issued for prohibited weapons at Defendant's residence located at 4315 South Cheetham Road, Space #9, Spokane, Washington. The search focused on a gun safe in Defendant's bedroom to which Defendant had access. Among the items found in the safe was a hand-made grenade. The grenade was examined by an ATF Explosives Enforcement Officer (EEO) who confirmed that the device met the federal definition of a destructive device, requiring registration under 26 U.S.C. §§ 5841, 5845(a)(8), (f). A search of the National Firearms Registration and Transfer Record revealed that the destructive device was not registered to Defendant as required by federal statute. Defendant acknowledges that he knowingly possessed the destructive device in the Eastern District of Washington on or about February 4, 2021, that he was aware that the destructive device was an explosive and/or a grenade within the scope of 26 U.S.C. § 5845(f), and that it was not registered to him in the National Firearms Registration and Transfer Record.[1]

---

[1] Defendant also possessed a Washington State concealed pistol license, a silencer, and a shotgun having a barrel of less than 18 inches in length. The silencer was registered to Defendant in the National Firearms Registration and Transfer Record. Defendant contends that although the short-barreled shotgun was not registered to him

PRETRIAL DIVERSION AGREEMENT - 2

4.  On authority from the Attorney General of the United States, through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the Covered Conduct shall be deferred for 48 months. This 48-month period begins on the date this Agreement is signed by both parties and accepted by the Court.

5.  The United States and Defendant stipulate and agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter as to: (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms.

## II.  Terms

Defendant stipulates and agrees to the following terms:

6.  **Supervision.** Defendant stipulates and agrees to be supervised by the U.S. Probation Office during this 48-month period. Further, Defendant understands the following:

   a.  Defendant shall not violate any federal, state, or local law. This term does not apply to minor civil infractions such as speeding.

   b.  If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, he shall notify his supervising pretrial diversion officer within two business days.

   c.  Defendant shall live within the jurisdiction of the Eastern District of Washington. If Defendant seeks to move outside the District, he shall notify and seek the approval of his supervising pretrial diversion officer so that appropriate arrangements in light of the Agreement can be made.

---

in the National Firearm Registration and Transfer Record, he believed it had been registered to him through a previous owner.

PRETRIAL DIVERSION AGREEMENT - 3

   d. Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify his supervising pretrial diversion officer. In the event that Defendant becomes self-employed, he shall provide evidence of such self-employment.

   e. Defendant shall not possess any firearms or ammunition, or any weapon or device defined as a firearm in 26 U.S.C. § 5845.

   f. Defendant shall forfeit or abandon to the United States his interest in any firearm defined under 26 U.S.C. § 5845 that was in Defendant's possession on February 4, 2021, or that was seized by state or federal law enforcement officers from his residence at 4315 South Cheetham Road, Space #9, Spokane, Washington, on February 4, 2021, whether or not such firearm was registered to Defendant. Any other firearms that are not listed in the Superseding Indictment[2] or that do not fall within the scope of 26 U.S.C. § 5845 may be released to Defendant's brother or father upon satisfying the requirements of *Henderson v. United States*, 575 U.S. 622, 630–31 (2015), including an affidavit that the recipient shall not transfer or allow Defendant to possess the firearms while this agreement is in effect.

   g. Defendant shall surrender any concealed pistol license or permit in Defendant's possession or control and shall not seek to obtain a new concealed pistol license or permit during the period of this agreement.

   h. Defendant shall report to his supervising pretrial diversion officer as directed by the Court or U.S. Probation.

   i. Defendant shall not possess, control, consume, and/or use any alcohol or illegal control substance.

  8. **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct. This tolling shall run from the date the Agreement is signed by all parties

---

[2] ECF No. 21.

PRETRIAL DIVERSION AGREEMENT - 4

until the Agreement expires or is terminated by the Court. Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

Defendant further expressly waives all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

9.   **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach by Defendant, the United States may resume its prosecution against Defendant as to the charge(s) under investigation, and any additional charges.

10.   **Admissibility of the Agreement in Prosecution**. In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates and agrees that the Agreement and his admissions contained therein shall be admissible against him at any trial, sentencing, or other related proceeding.

The United States stipulates and agrees to the following:

11.   **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of 48 months. When and if Defendant satisfies all the requirements of the Agreement, the United States will seek dismissal with prejudice of the Superseding Indictment filed on November 16, 2021 (ECF No. 21). Except in the event of a violation by Defendant of any material term of this Agreement, the United States will bring no additional charges against Defendant relating to Defendant's conduct as described in the Superseding Indictment and the Covered Conduct set forth above. This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2).

PRETRIAL DIVERSION AGREEMENT - 5



Should the Court declined to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; (2) this Agreement shall be null and void, except for the tolling provisions set forth herein; and (3) no statement in this Agreement would be admissible by either party in any court proceeding.

### III. Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    3/30/2023
Timothy J. Ohms                   Date
Assistant U.S. Attorney

I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. I understand the terms and conditions of the Agreement and agree to comply with them.

x _____   x 3/30/2023
NATHAN H. DOUGLAS, JR.,           Date
Defendant

_____   3/30/2023
Colin G. Prince,                  Date
Attorney for Defendant

Approved without passing judgment on the merits or wisdom of this diversion.

_____   3/30/2023
United States District Judge      Date

PRETRIAL DIVERSION AGREEMENT - 6